UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CR-90-KAC-DCP |
| | ) | |
| JUSTIN CHARLES SOLOCK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Now before the Court are the *Pro Se* Motion to Appoint New Counsel [Doc. 16], filed on April 29, 2022, and the Motion for Substitution of Counsel [Doc. 17], filed by Assistant Federal Defender Jonathan A. Moffatt on Defendant's behalf on April 28, 2022. The parties appeared before the Court for an in-person motion hearing on May 24, 2022. Assistant United States Attorney LaToyia T. Carpenter represented the Government. Mr. Moffatt appeared on behalf of Defendant, who was in attendance. CJA Panel Attorney Josh Hedrick was also present.

In his *pro se* motion [Doc. 16], Defendant requests for the Court to substitute new counsel to represent him because he does not feel his current counsel has his best interest in mind. Defendant states there are issues in his case he feels need to be addressed, but his counsel has not done so. Defendant feels as if his counsel is trying to get him to accept a plea agreement to move on with his case.

In the Motion for Substitution of Counsel [Doc. 17], Mr. Moffatt and the Federal Defender Services of Eastern Tennessee, Inc. ("FDSET"), request for the Court to relieve them of their representation of Defendant and to substitute counsel for him. The motion relates that Defendant has requested new counsel and that due to developments in discussions regarding Defendant's case, the attorney/client relationship appears to be irretrievably broken. Defendant's counsel states that disclosure of additional information could potentially harm Defendant's interests in this matter and/or violate the rule of confidentiality. Defendant's counsel has discussed the *pro se* motion with Defendant, but Defendant continues to request new counsel. At the hearing, Mr. Moffatt related that Defendant had expressed a desire to request new counsel approximately one month prior to filing the *pro se* motion, and Mr. Moffatt stated he has met with Defendant several times since then to try to address the issues with the attorney-client relationship, but those meetings proved unfruitful. The Government stated it took no position as to the pending motions.

The Court then conducted a sealed, *ex parte* hearing where the Court questioned Mr. Moffatt and Defendant to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential nature of that discussion, the Court finds that Mr. Moffatt and Defendant have attempted discussions to resolve the problems that have arisen in the relationship to no avail and that it is appropriate to have new counsel take a fresh look at this case and advise Defendant on how to proceed. Accordingly, the Court finds that good cause exists to substitute new counsel, under the unique circumstances of this case. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant seeking to substitute counsel must show good cause).

Therefore, the *Pro Se* Motion to Appoint New Counsel [**Doc. 16**] and the Motion for Substitution of Counsel [**Doc. 17**] are **GRANTED**, and Mr. Moffatt and FDSET are **RELIEVED**

2

Case 3:21-cr-00090-KAC-DCP   Document 20   Filed 05/24/22   Page 2 of 3   PageID #: 38

as counsel of record for Defendant. At the conclusion of the hearing, Attorney Hedrick agreed to accept representation of Defendant if the present motions were granted. The Court therefore and hereby **SUBSTITUTES and APPOINTS** Attorney Hedrick under the Criminal Justice Act, 18 U.S.C. § 3006A, as counsel of record for Defendant. Mr. Moffatt and FDSET are **DIRECTED** to turn over all discovery and Defendant's file to Attorney Hedrick.

Accordingly, it is **ORDERED**:

(1) The *Pro Se* Motion to Appoint New Counsel [**Doc. 16**] and the Motion for Substitution of Counsel [**Doc. 17**] are **GRANTED**;

(2) Mr. Moffatt and FDSET are **RELIEVED** of further representation of Defendant, and Mr. Moffatt and FDSET are **DIRECTED** to provide new defense counsel with the discovery and information from Defendant's file as soon as possible; and

(3) Attorney Josh Hedrick is **SUBSTITUTED and APPOINTED** as counsel of record for Defendant pursuant to the CJA.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge